**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

July 16, 2020

Stephen P. Younger
Partner
(212) 336-2685
Direct Fax: (212) 336-7981
spyounger@pbwt.com

**BY ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

          Re:    *Marcia Melendez, et al. v. The City of New York, et al.,*
                 **No. 20 Civ. 5301 (RA)**

Dear Judge Abrams:

      We write on behalf of Plaintiffs, Marcia Melendez, Jarican Realty Inc., 1025 Pacific LLC, Ling Yang, Top East Realty LLC, and Haight Trade LLC (collectively, "Plaintiffs"), to request approval of a briefing schedule for Plaintiffs' anticipated motion for a preliminary injunction, and/or a conference with Your Honor to discuss any related issues that the Court deems appropriate. Plaintiffs intend to move promptly to enjoin the enforcement of three New York City Local Laws: Local Law 53 of 2020 (the "Commercial Harassment Law"), Local Law 56 of 2020 (the "Residential Harassment Law"), and Local Law 55 of 2020 (the "Guaranty Law") (collectively, the "Laws"). We believe these Laws violate Plaintiffs' rights under the First Amendment and the Contracts Clause of the U.S. Constitution, and are preempted by acts of the New York State Legislature and executive orders of Gov. Andrew M. Cuomo.

      As detailed more fully in the Complaint, Plaintiffs Marcia Melendez and Ling Yang are entrepreneurs who built modest real estate holdings with their own sweat equity. (*See* Complaint ¶¶ 15–22, 29–40) They rent their properties to businesses and individuals, and depend on those rent receipts to pay the taxes, mortgage obligations, and other expenses of these properties – as well as to fund their retirements. (*See id.* ¶¶ 22–28, 40–45) Critically, these new Laws impair Plaintiffs' ability to collect rent in a manner that is neither narrowly tailored nor reasonable to address the effects of the COVID-19 pandemic.

      Plaintiffs intend to show in their injunction papers that the Harassment Laws stifle their rights to free commercial speech by chilling Plaintiffs' lawful requests to collect rent. It is our contention that the City's prohibitions on commercial speech fail First Amendment scrutiny because they were enacted based on pure speculation, and are far more extensive than necessary to serve any legitimate City interest. *See Central Hudson Gas & Elec. Corp. v. Public Service Comm'n of N.Y.*, 447 U.S. 557, 561 (1980).

Additionally, the Guaranty Law re-writes Plaintiffs' contracts with their tenants, stripping Plaintiffs of bargained-for remedies to enforce personal guaranties in their commercial leases.  As a result, the Guaranty Law forever guts the economic value of Plaintiffs' contracts for such rents owed between March 7 and September 30, 2020.  We thus assert that extinguishing core contractual remedies in this fashion violates the Contracts Clause of the U.S. Constitution by unnecessarily and unreasonably shifting economic burdens completely onto property owners in order to benefit the special interests of their tenants.  *See Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018).

Finally, all three local Laws are preempted under State law by acts of the New York State Legislature, which has both legislated in this field and granted wide emergency powers to New York's Governor to address the COVID-19 crisis.  *See DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 96 (2001).

As to the injunction request, Plaintiffs are entitled to a presumption of irreparable harm on their First Amendment and Contracts Clause claims.  *Basank v. Decker*, No. 20 CIV. 2518 (AT), 2020 WL 1481503, at *4 (S.D.N.Y. Mar. 26, 2020); *see also N.Y. Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013).  Plaintiffs also intend to establish their own individualized harm from these Laws, given that their effect creates a substantial risk that Plaintiffs' businesses will be ruined.  *See Five Star Dev. Resort Communities, LLC v. iStar RC Paradise Valley LLC*, No. 09 CIV. 2085 (LTS), 2010 WL 1005169, at *4 (S.D.N.Y. Mar. 18, 2010).

Plaintiffs intend to file their motion papers on or before July 22, 2020.  The parties have conferred and, subject to the Court's approval, agree on the following proposed schedule:

- Defendants will file their opposition papers 21 days after Plaintiffs' motion is filed, and

- Plaintiffs will file their reply papers no later than 10 days after the filing of Defendants' opposition.

In light of the important constitutional questions at issue, the parties further agree that each of them should be limited to no more than 35 pages for opening and opposition memoranda of law, and that Plaintiffs' reply memorandum of law shall not exceed 20 pages.

We respectfully request the Court's approval of this schedule for Plaintiffs' motion, including the proposed page limits for briefing, or in the alternative, a conference with the Court.

Respectfully submitted,

Stephen P. Younger

Hon. Ronnie Abrams
July 16, 2020
Page 3

cc:   Pamela Koplik, Esq.

   Carlos Ugalde, Esq.

The parties' proposed briefing schedule and page limits for briefing are GRANTED.

No later than July 27, 2020, the parties shall write a joint status letter, advising the Court whether either party anticipates seeking discovery and whether an evidentiary hearing will be necessary in connection with Plaintiffs' motion for a preliminary injunction.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
July 17, 2020