# EXHIBIT II

Int. No. 1932

By Council Member Rivera, the Speaker (Council Member Johnson), Kallos, Van Bramer, Rosenthal, Chin, Ayala, Levin, Lander and Koslowitz

A Local Law to amend the administrative code of the city of New York, in relation to personal liability provisions of leases for commercial tenants impacted by COVID-19

Be it enacted by the Council as follows:

Section 1. Chapter 10 of title 22 of the administrative code of the city of New York is amended by adding a new section 22-1004 to read as follows:

§ 22-1004. Personal liability provisions in commercial leases. a. Definitions. For the purposes of this section, the following terms have the following meanings:

COVID-19. The term "COVID-19" means the 2019 novel coronavirus or 2019-nCoV.

COVID-19 period. The term "COVID-19 period" means March 7, 2020 through the later of (i) the end of the first month that commences after the expiration of the moratorium on enforcement of evictions of residential and commercial tenants set forth in executive order number 202.8, as issued by the governor on March 20, 2020 and thereafter extended, (ii) the end of the first month that commences after the expiration of the moratorium on certain residential evictions set forth in section 4024 of the coronavirus aid, relief, and economic security, or CARES, act and any subsequent amendments to such section or (iii) September 30, 2020, inclusive.

COVID-19 state disaster emergency. The term "COVID-19 state disaster emergency" means the state disaster emergency declared by the governor in executive order number 202 issued on March 7, 2020.

Impacted by COVID-19. The term "impacted by COVID-19" means:

1

1. With respect to an individual, that the individual experienced one or more of the following situations:

(a) the individual was diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;

(b) a member of the individual's household was diagnosed with COVID-19;

(c) the individual was providing care for a family member or a member of the individual's household who was diagnosed with COVID-19;

(d) a member of the individual's household for whom the person had primary caregiving responsibility was unable to attend school or another facility that was closed as a direct result of the COVID-19 state disaster emergency and such school or facility care was required for the person to work;

(e) the individual was unable to reach their place of business because of a quarantine imposed as a direct result of the COVID-19 state disaster emergency;

(f) the individual was unable to reach their place of business because of the person had been advised by a health care provider to self-quarantine due to concerns related to COVID-19;

(g) the individual became the breadwinner or major support for a household because the head of the household died as a direct result of COVID-19; or

(h) the individual's business closed as a direct result of the COVID-19 state disaster emergency.

2. With respect to a business, that (i) the business was subject to seating, occupancy or on-premises service limitations pursuant to an executive order issued by the governor or mayor during the COVID-19 period or (ii) the revenues of the business during any three-month period within the COVID-19 period were less than 50 percent of its revenues for the same period in

2019 or less than 50 percent of its aggregate revenues for the months of December 2019, January 2019, and February 2020.

Personal liability provision. The term "personal liability provision" means, with respect to a commercial lease or other rental agreement involving real property and to which a business is a party as tenant, a term that provides for an individual to become wholly or partially personally liable for an obligation of such business arising under such lease or agreement upon the occurrence of a default or other event.

b. No personal liability provision of a commercial lease or other rental agreement involving real property and to which a business impacted by COVID-19 is a party as tenant may be enforced against an individual where the default or other event allowing for such enforcement occurs during the COVID-19 period.

§ 2. Subdivision a of section 22-902 of the administrative code of the city of New York, as amended by local law number 185 for the year 2019, is amended to read as follows:

a. A landlord shall not engage in commercial tenant harassment. Except as provided in subdivision b of this section, commercial tenant harassment is any act or omission by or on behalf of a landlord that (i) would reasonably cause a commercial tenant to vacate covered property, or to surrender or waive any rights under a lease or other rental agreement or under applicable law in relation to such covered property, and (ii) includes one or more of the following:

1. using force against or making express or implied threats that force will be used against a commercial tenant or such tenant's invitee;

2. causing repeated interruptions or discontinuances of one or more essential services;

3. causing an interruption or discontinuance of an essential service for an extended period of time;

4. causing an interruption or discontinuance of an essential service where such interruption or discontinuance substantially interferes with a commercial tenant's business;

5. repeatedly commencing frivolous court proceedings against a commercial tenant;

6. removing from a covered property any personal property belonging to a commercial tenant or such tenant's invitee;

7. removing the door at the entrance to a covered property occupied by a commercial tenant; removing, plugging or otherwise rendering the lock on such entrance door inoperable; or changing the lock on such entrance door without supplying a key to the new lock to the commercial tenant occupying the covered property;

8. preventing a commercial tenant or such tenant's invitee from entering a covered property occupied by such tenant;

9. substantially interfering with a commercial tenant's business by commencing unnecessary construction or repairs on or near covered property; [or]

10. engaging in any other repeated or enduring acts or omissions that substantially interfere with the operation of a commercial tenant's business;

11. threatening a commercial tenant based on such person's actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, uniformed service, sexual orientation, alienage or citizenship status, status as a victim of domestic violence, status as a victim of sex offenses or stalking;

12. requesting identifying documentation that would disclose the citizenship status of a commercial tenant, an invitee of a commercial tenant or any person seeking entry to the covered property in order to patronize such commercial tenant; [or]

13. unreasonably refusing to cooperate with a tenant's permitted repairs or construction activities[.]; or

14. threatening to or implementing a personal liability provision that is not enforceable pursuant to section 22-1004 of the code; provided that for the purposes of this paragraph:

(a) the term "COVID-19 period" means March 7, 2020 through the later of (i) the end of the first month that commences after the expiration of the moratorium on enforcement of evictions of residential and commercial tenants set forth in executive order number 202.8, as issued by the governor on March 20, 2020 and thereafter extended, (ii) the end of the first month that commences after the expiration of the moratorium on certain residential evictions set forth in section 4024 of the coronavirus aid, relief, and economic security, or CARES, act and any subsequent amendments to such section or (iii) September 30, 2020, inclusive;

(b) a person is "impacted by COVID-19" if such person experienced one or more of the following situations:

(1) the person was diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis; provided that for the purposes of this subparagraph, the term "COVID-19" means the 2019 novel coronavirus or 2019-nCoV;

(2) a member of the person's household was diagnosed with COVID-19;

(3) the person was providing care for a family member or a member of the person's household who was diagnosed with COVID-19;

(4) a member of the person's household for whom the person had primary caregiving responsibility was unable to attend school or another facility that was closed as a direct result of the COVID-19 state disaster emergency and such school or facility care was required for the person to work; provided that for the purposes of this subparagraph, the term "COVID-19 state disaster emergency" means the state disaster emergency declared by the governor in executive order number 202 issued on March 7, 2020;

(5) the person was unable to reach the person's place of business because of a quarantine imposed as a direct result of the COVID-19 state disaster emergency;

(6) the person was unable to reach the person's place of business because the person had been advised by a health care provider to self-quarantine due to concerns related to COVID-19;

(7) the person became the breadwinner or major support for a household because the head of the household died as a direct result of COVID-19; or

(8) the person's business is closed as a direct result of the COVID-19 state disaster emergency;

(c) a business is "impacted by COVID-19" if (i) it was subject to seating, occupancy or on-premises service limitations pursuant to an executive order issued by the governor or mayor during the COVID-19 period or (ii) its revenues during any three-month period within the COVID-19 period were less than 50 percent of its revenues for the same period in 2019 or less than 50 percent of its aggregate revenues for the months of December 2019, January 2019, and February 2020; and

(d) the term "personal liability provision" has the meaning set forth in section 22-1004 of the code;

§ 3. This local law takes effect immediately.

LS # 14817
4/20/20 4:31PM