

**PAMELA A. KOPLIK**
Phone: (212) 356-2187
Fax: (212) 356-2019
pkoplik@law.nyc.gov

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CARLOS F. UGALDE ALVAREZ**
Phone: (212) 356-2216
Fax: (212) 356-2019
cugalde@law.nyc.gov

**JAMES E. JOHNSON**
*Corporation Counsel*

September 4, 2020

**VIA ECF**
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Melendez v. City of N.Y.*, No. 20 Civ. 5301 (RA)

Your Honor:

        On behalf of Defendants, we write in response to Plaintiffs' September 2, 2020 letter (Dkt No. 59) and filing of the "Amended Complaint" (Dkt. No. 58), which appears to be an attempt to cure a standing defect with respect to Plaintiffs' Contract Clause challenge to N.Y.C. Local Law No. 55 of 2020 ("Guaranty Law").[1]  Notably, the Amended Complaint was filed less than ten minutes after Defendants filed their reply papers in further support of their motion to dismiss and a week after Plaintiffs' motion for preliminary injunctive and declaratory relief was fully submitted.  Plaintiffs' actions are not only contrary to the letter and spirit of Rule 4(C) of Your Honor's Individual Rules and Practices in Civil Cases,[2] but also prejudice Defendants and their defense of the Guaranty Law.  Accordingly, should the Court decide to accept the filing to the Amended Complaint at this time, Defendants request an opportunity to address the New Plaintiffs' claims and allegations.

        Plaintiffs' failure to comply with Your Honor's Rule 4(C) has deprived this Court and Defendants' of the required notice and, more importantly, has caused the very situation that

---

[1] Original Plaintiffs Ling Yang and Top East Realty LLC—*i.e.*, the only plaintiffs that sufficiently pled standing in the Complaint to maintain the Contract Clause challenge—have effectively withdrawn their Contract Clause claim.  *See* Dkt. No. 59 at 1.

[2] Rule 4(C) required Plaintiffs to notify the Court and Defendants whether or not they intended to amend the Complaint (Dkt. No. 1) by August 26, 2020.

such rule seeks to prevent. Instead of advising the Court and Defendants about their intention to amend, on August 26, 2020, Plaintiffs opposed Defendants' motion to dismiss, persisted in arguing that Plaintiffs had standing to challenge the Guaranty Law under the Contract Clause of the U.S. Constitution, and submitted a declaration by then-non-party Elias Bochner in further support of Plaintiffs' motion for preliminary injunctive and declaratory relief.[3]

Conveniently, by way of their September 2, 2020 letter, Plaintiffs argue that "the addition of the [New] Plaintiffs ought not to alter any of the matters in this case" because their "Contract Clause claims are in all material respects the same as those brought by the Yang Plaintiffs and raise no new issues as to either Plaintiffs' motion for preliminary injunctive and declaratory relief or Defendants' motion to dismiss." However, having just commenced their action on Wednesday, the New Plaintiffs have not moved for preliminary injunctive or declaratory relief and, importantly, cannot move for such relief retroactively. The same reasoning applies with respect to Defendants' motion to dismiss. Because the New Plaintiffs' claims were not before the Court by the time Defendants moved to dismiss and filed their reply papers, Defendants would be significantly prejudiced if they were to be precluded from substantively addressing the New Plaintiffs' claims and standing to assert such claims.

While this eleventh-hour amendment has deprived Defendants of an opportunity to respond to the New Plaintiffs' claims, upon a preliminary review of the Amended Complaint and the documents produced by the New Plaintiffs,[4] there still appears a question as to Plaintiffs' standing to maintain their Contract Clause challenge. In the Amended Complaint, the New Plaintiffs allege that, "[i]n 2009, 287 7th Avenue Realty LLC assumed . . . liabilities and obligations" with respect to a lease and a guaranty, and that the tenant under such lease provided notice, on March 20, 2020, "of its intent to surrender the property on September 20, 2020. " Am. Compl. ¶¶ 168, 172. Notwithstanding such allegation, the New Plaintiffs failed to produce documents that support any allegation that the subject lease and guaranty is still in effect and is thus "substantially impaired" by the Guaranty Law. *See generally* Ex. A.[5]

---

[3] In their September 2, 2020 letter, Plaintiffs daringly state that "Defendants have been on notice of the facts related to the Bochner Plaintiffs based on Mr. Bochner's declaration, which was filed on August 26, 2020, with Plaintiffs' reply papers." *See* Dkt. No. 59 at 1. Leaving aside the fact that filing the Amended Complaint minutes after the filing of Defendants' reply brief precluded Defendants from addressing the New Plaintiffs' claims, Plaintiffs' own statement and actions suggest that they had an intention to amend the Complaint since, at least, August 26, 2020, *i.e.*, the last date for them to communicate such intention.

[4] Within an hour of Defendants' filing, Plaintiffs produced "documents relating to Plaintiffs Elias Bochner and 287 7th Avenue Realty LLC" pursuant to the parties' "discovery agreement (*see* ECF 34)." A copy of Plaintiffs' September 2, 2020 production is attached hereto as Exhibit "A."

[5] It is apparent from these documents that Plaintiffs have not produced all commercial leases and other commercial rental agreements involving real property between the New Plaintiffs and any third-party commercial tenant and/or principal. *See, e.g.*, Ex. A at BOCHNER00000032 (contractual provision noting that the lease annexed a "Certificate of Incumbency showing the officers, Directors and Shareholders of the tenant," which has not been produced). Pursuant to the cited agreement entered into by and between the parties, Plaintiffs should be producing *all* responsive documents. Should the Court

Continued…

Specifically, the "Lease" between New Plaintiff 287 7th Avenue Realty LLC's alleged predecessor-in-interest and commercial tenant Sunburger 1 LLC was effective, by its own terms, between July 1, 2006 and June 30, 2013. *Id.* at BOCHNER00000001-2. In short, the documents produced by the New Plaintiffs do not support (i) the fact that this lease (or its guaranty) was successively renewed or extended so as to have been effective between March 7, 2020 and September 30, 2020 or, even, (ii) the fact that New Plaintiff 287 7th Avenue Realty LLC assumed such lease and guaranty from its alleged predecessor-in-interest.[6] And, as noted in Defendants' reply papers, Plaintiffs have the "burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

To the extent the Court were to accept the Amended Complaint and, further, to consider the New Plaintiffs' claims as incorporated into the fully-submitted motions, Defendants request an opportunity to submit supplemental papers to address those claims and an adjournment of the oral argument on the motions that is currently scheduled for September 11, 2020, at 3:30 p.m. If the Court instead determines that the New Plaintiffs' claims have not been retroactively incorporated into the motions, then Defendants will advise the Court of their intended course of action with respect to the New Plaintiffs' claims pursuant to Your Honor's Rule 4(C).

Respectfully submitted,

/s/

Pamela A. Koplik
Carlos Fernando Ugalde Alvarez
Assistant Corporation Counsels

cc:   Plaintiffs' Counsel of Record (via ECF)

---

decide to accept the filing of the Amended Complaint, and a true discovery dispute arises, Defendants will reach out to Plaintiffs for a meet and confer pursuant to Your Honor's Rule 3.

[6] In any event, it should be noted that the "Lease" produced by the New Plaintiffs provides several strong remedies to the landlord in the event of default, including, but not limited to, the application of security deposit funds to unpaid rent, the payment of late charges, the cancellation of the lease, and the commencement of eviction and nonpayment summary proceedings. *See generally* Ex. A.