

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PAMELA A. KOPLIK**
Phone: (212) 356-2187
Fax: (212) 356-2019
pkoplik@law.nyc.gov

January 31, 2022

**VIA ECF**
Hon. Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Melendez v. City of N.Y.*, No. 20 Civ. 5301 (RA)

Your Honor:

We write on behalf of all parties in the above-entitled action pursuant to the Court's January 26, 2022 Order, that "[b]y no later than January 31, 2022, the parties shall submit a joint letter stating whether they wish to rest on their existing briefing or prefer to file supplemental or replacement briefing," and that, "[i]f the parties elect to supplement or replace their briefs, they shall also propose a briefing schedule." ECF No. 77. Having met and conferred, the parties agree they would like to supplement the existing briefing before the Court on Plaintiffs' motion for preliminary injunctive and declaratory relief. However, the parties disagree on the procedure and timing for the filing of Defendants' response to the Amended Complaint (ECF No. 58) and supplemental briefs on Plaintiffs' motion.

With respect to supplemental briefing on Plaintiffs' motion for preliminary injunctive and declaratory relief, Defendants propose the following schedule:

1. Plaintiffs to serve and file moving papers in support of their motion for preliminary injunctive and declaratory relief by February 28, 2022;

2. Defendants to serve and file papers in opposition to Plaintiffs' motion for preliminary injunctive and declaratory relief by March 28, 2022; and

3. Plaintiffs to serve and file reply papers in further support of their motion for preliminary injunctive and declaratory relief by April 11, 2022.

Additionally, Defendants respectfully request an extension of their time to respond to the 61-page Amended Complaint (ECF No. 58) until thirty days after the full

submission of Plaintiffs' motion for preliminary injunctive and declaratory relief since this lawsuit will proceed even if Your Honor grants Plaintiffs the requested preliminary relief.[1] Without the requested extension, pursuant to Fed. R. Civ. P. 12(a)(4)(A) and 15(a)(3), Defendants' response to the Amended Complaint would be due February 9, 2022.[2] This is Defendants' first request for an extension of their time to respond to the Amended Complaint after the Second Circuit's decision in this matter.

As set forth above, Plaintiffs disagree with Defendants' position on the procedure and timing for the filing of Defendants' response to the Amended Complaint and supplemental briefs on Plaintiffs' motion.[3] Your Honor's January 26 Order states that the Court "will consider Plaintiffs' motion for preliminary injunctive and declaratory relief on the merits." (ECF No. 77, Order p. 1). Accordingly, Plaintiffs understand the Court's consideration and decision on the motion to be the final disposition on the constitutionality of the Guaranty Law. Therefore, in the interests of judicial economy and to avoid any additional and/or potentially duplicative motion practice, while Plaintiffs are amenable to an extension beyond February 9, 2022 for Defendants to file their answer, Plaintiffs believe that the answering pleading should come before supplemental briefing. Plaintiffs would propose a 30-day extension to February 28, 2022 for Defendants to file their answer, and the following briefing schedule:

1. Plaintiffs to serve and file moving papers in support of their motion for preliminary injunctive and declaratory relief by March 28, 2022;

2. Defendants to serve and file papers in opposition to Plaintiffs' motion for preliminary injunctive and declaratory relief by April 28, 2022; and

3. Plaintiffs to serve and file reply papers in further support of their motion for preliminary injunctive and declaratory relief by May 12, 2022.

---

[1] In this letter, Plaintiffs contend that the Court's decision on their motion for preliminary injunctive and declaratory relief is "to be the final disposition on the constitutionality of the Guaranty Law." As Defendants noted in their opposition papers to Plaintiffs' preliminary injunction motion, such contention is misplaced, and any request for preliminary declaratory relief at this juncture is unavailable. See ECF No. 39 at 34-35 and ECF No. 57 at 15, n. 24 (noting, among other things, that preliminary declaratory relief is not judicially recognized). More importantly, to the extent they deem it necessary, Defendants have a right to conduct discovery in defense of this action. This right is expressly recognized in the judgment entered by the U.S. Court of Appeals for the Second Circuit that remanded this matter.

[2] The Amended Complaint was filed on September 2, 2020, *i.e.*, after the full submission of Defendants' motion to dismiss the original Complaint (ECF No. 1). Because the Court subsequently considered Defendants' fully-submitted motion to dismiss to apply to the Amended Complaint, Defendants' time to answer the Amended Complaint was tolled, under Fed. R. Civ. P. 12(a)(4)(A), until the Court entered its January 26, 2022 Order, pursuant to Local Civil Rule 58.1, making the judgment of the U.S. Court of Appeals for the Second Circuit (partially denying, *inter alia*, Defendants' motion to dismiss) the judgment of this Court.

[3] This balance of this paragraph was drafted by Plaintiffs.

3

The parties are prepared to meet with Your Honor should the Court deem it necessary to finalize the proposed schedule.

Respectfully submitted,

_____/s/_____
Pamela A. Koplik
Carlos Fernando Ugalde Alvarez
Assistant Corporation Counsel

cc: Counsel of Record (via ECF)

3