

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**PAMELA A. KOPLIK**
**SCALI RIGGS**
Phone: (212) 356-2187
Fax: (212) 356-2019
pkoplik@law.nyc.gov

April 11, 2022

**VIA ECF**
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Melendez v. City of N.Y.*, No. 20 Civ. 5301 (RA)

Your Honor:

This office represents Defendants in the above-referenced action. We write to request a revision to the briefing schedule that Your Honor adopted by Order dated February 1, 2022 that specifically related to Plaintiffs' intended "motion for preliminary injunctive and declaratory relief." Dkt. 78.

Instead of filing the motion for preliminary injunctive and declaratory relief as provided in Your Honor's Order, on March 28, 2022, without any prior notice to Defendants, plaintiffs filed a motion for declaratory summary judgment. Dkt. 91. Since there is no longer the exigency of preliminary injunctive relief, and so as not to deprive Defendants of information essential to their opposition to Plaintiffs' motion, Defendants request a brief three-month period to conduct discovery. *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir., 2000), *citing Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)("The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment.") "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Id.*; *See, also, Sheraton, LLC v. Fortuna Fifth Ave., LLC*, 2019 U.S. Dist. LEXIS 51988 (S.D.N.Y. 2019) (denying as premature a motion for summary judgment filed prior to completion of discovery).

The discovery Defendants seek goes primarily to the question of standing of plaintiffs' Elias Bochner and 287 7th Avenue Realty LLC. While Defendants may have for the purposes of preliminary injunctive relief accepted the minimal discovery that Plaintiffs provided back in September 2020 (*see* Dkt. 65), now, for the purposes of determination on the merits, Defendants require further discovery to address the standing issue, particularly regarding certain

holes in the documents previously provided to Defendants in September 2020, and to develop the record regarding events impacting standing issues that may have transpired since September 2020. Additionally, Defendants need discovery to address certain factual allegations contained in Plaintiffs Rule 56.1 Statement (Dkt. 93) which may require depositions. Attached as Exhibit A is a copy of Defendants' First Set of Requests For the Production of Documents that was served via e-mail and regular mail on April 6, 2022.

On April 1, 2022, we spoke with Plaintiffs' counsel by telephone and asked for their consent to a three-month discovery period. In that telephone call, we enumerated approximately ten of the items that we intended to request and advised that we would follow with written demands. We also advised that we might seek a limited number of depositions. Plaintiffs' counsel took our request under advisement and said they would promptly respond to us. We followed up for a response on April 6, 2022, when we served Defendants' First Set of Requests For the Production of Documents.. Plaintiffs advised us today via e-mail that they "will consent to a 90-day period of discovery provided, however, that discovery be limited to standing (and any follow-up or related areas) and that [Defendants'] opposition to summary judgment be submitted at the conclusion of the 90 days." At this time, Defendants do not anticipate seeking discovery beyond standing, however, we think it unnecessary and inappropriate to limit the topics of discovery at this juncture.

As such, Defendants request that they be permitted a three-month period of discovery and that the time to respond to Plaintiffs' motion for declaratory summary judgment be extended from April 28, 2022 to July 28, 2022. This is Defendants' first request for an extension to respond to Plaintiffs' unexpected motion for declaratory summary judgment.

Thanks so much for your kind consideration.

Respectfully submitted,

_____/s/_____
Pamela A. Koplik
Scali Riggs
Assistant Corporation Counsel

cc:      Counsel of Record (via ECF)

The Court will grant an extension of the briefing schedule for purposes of a three-month discovery period. Defendants' opposition shall by filed by July 28, 2022; Plaintiff's reply shall by filed by August 4, 2022. No further briefing extensions shall be granted absent good cause.

The Court will hold a hearing on Plaintiff's motion on August 10, 2022 at 4:00 p.m. The hearing may be held either in person or remotely, according to the parties' preferences.

SO ORDERED.

_____
Hon. Ronnie Abrams
April 12, 2022

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marcia Melendez, Jarican Realty Inc., 1025 Pacific LLC, Ling Yang, Top East Realty LLC, and Haight Trade LLC, Elias Bochner, and 287 7th Avenue Realty LLC<br><br>*Plaintiffs,*<br><br>*v.*<br><br>The City of New York, a municipal entity, Bill de Blasio, as Mayor of the City of New York, Louise Carroll, Commissioner of New York City Department of Housing Preservation & Development, and Jonnel Doris, Commissioner of New York City Department of Small Business Services,<br><br>*Defendants.* | **DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**<br><br>20 CV 05301 (RA) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3, of this Court, Defendants hereby request that each Plaintiff produce for inspection and copying the documents requested below at the offices of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007, within thirty (30) days after service hereof.

These document requests are continuing.  If at any time after service of answers hereto, and prior to the trial of this action, Plaintiffs obtain or become aware of additional information pertaining to any of these document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiffs shall, within thirty (30) days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

## INSTRUCTIONS

1.     With respect to any document produced in redacted form, Plaintiffs should identify the basis for each such redaction.

2.     Documents should be produced as they are maintained in the usual course of business.

3.     Plaintiffs should Bates stamp each of the documents produced in response to the request for documents.

4.     In producing documents, Plaintiffs should identify the specific document request that each document is responsive to.

5.     In responding to the request for documents, with respect to any document for which a privilege is claimed, identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege.  Identify the document by submitting a written statement which:

   (a)     describes the type of document (e.g., letter, memo);

   (b)     identifies the author;

   (c)     specifies the date written or originated;

   (d)     identifies each person to whom the original or a copy was addressed or delivered; and

   (e)     identifies every other person who has ever had possession of the document.

6.     If any requested document was formerly in the possession, custody or control of Plaintiffs and has been lost or destroyed, Plaintiffs are requested to submit in lieu of each such document a written statement which:

   (a)     describes in detail the nature of the document and its contents;

(b)     identifies the person who prepared or authored the document and, if applicable, the person or persons to whom the document was sent;

(c)     specifies the date on which the document was prepared or transmitted;

(d)     specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction, and the persons requesting and performing the destruction.

## DEFINITIONS

1.  These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2.     "Bochner Plaintiffs" shall mean the Plaintiffs Elias Bochner and 287 7th Avenue Realty LLC in this action and their members, agents, employees, attorneys, representatives and all other persons or entities under their authority or control, or acting or purporting to act on their behalf.  Although the Bochner Plaintiffs will be referred to collectively, each request applies to each Plaintiff Elias Bochner and 287 7th Avenue Realty LLC independent of the other as well as collectively.

3.     "Person" shall mean a natural person or any business, legal, or governmental entity or association, including, without limitation, a corporation, partnership, limited partnership, limited liability company, joint venture, or franchise.

4.     "177 West 26th Street Associates" shall mean a New York general partnership, with offices located at 3611 14th Avenue, Brooklyn, New York 11218, its successors, or assigns.

5.      "Sunburger 1, LLC" shall mean Sunburger 1, LLC, a Delaware limited liability company, with offices located at 540 Madison Avenue, Suite 30A, New York, NY 10022, its successors, or assigns.

6.      "The Premises" shall mean the commercial premises at the property known as and located at 287 7th Avenue, New York, New York, Block 802, Lot 3.

7.      "Guarantor" shall mean Mitch Cantor, who allegedly executed the "Good Guy Guarantee, annexed to the lease dated June 9, 2006 between 177 West 26th Street Associates" and "Sunburger 1 LLC" and  his successors, assigns, heirs, administrators, and executors.

8.      Communication" shall be used in the broadest sense permissible under Local Rule 26.3(c)(1) and includes the written, verbal,  or any other records of the transmission of information, in the form of facts, ideas, inquiries, or otherwise.

9.       "Document" or "documentation" shall include

(a)     all written and printed matter of any kind, including but not limited to (i) correspondence, memoranda, notes, diaries, statistical or factual tabulation or data, letters, petitions, telexes, telegraphs, teletypes, e-mails, minutes, agendas, expense accounts, contracts, reports, studies, checks, statements, ledgers, receipts, resolutions, applications, summaries, pamphlets, books, notations of any sort of conversations or meetings, newsletters, bulletins, briefing material, computer print-outs, invoices, worksheets; (ii) all existing drafts, alterations, modifications, changes, and amendments for any of the foregoing; and (iii) any copies of the foregoing that are different from the original by reason of any notation made thereon;

(b)     all graphic or manual records or representations of any kind, including but not limited to photographs, charts, graphs, maps, diagrams, and drawings;

(c)     all electronic or mechanical records or representations of any kind, including but not limited to audio tapes, cassettes, discs, recordings, e-mails, and computer files.

- 4 -

10.     "Concerning" or "relating to" means, without limitation: constituting, containing, reflecting, discussing, commenting upon, mentioning, supporting, evidencing, modifying, contradicting, quoting, criticizing, describing, creating, maintaining, bearing upon, regarding, constituting a basis for, deriving from, or arising from.

11.     With respect to natural persons, "identify" shall mean to give the person's full name, details regarding the person's relationship to the Plaintiff, and present or last known business address.

12.     With respect to documents, "identify" shall mean to state the type of document, its date, its general subject matter, its author(s), and its intended and actual recipient(s).

13.     The use of the singular form of any word includes the plural and vice versa.

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## DOCUMENT REQUESTS

1.     Produce all communications (and any documents memorializing such communications) between the Bochner Plaintiffs and Sunburger 1 LLC and between 177 West 26th Street Associates and Sunburger 1 LLC concerning late or unpaid rent, rent arrears, or rent owed from June 9, 2006 to present.

2.     Produce all rent records and documents authored or received by the Bochner Plaintiffs or by 177 West 26th Street Associates concerning payments received, outstanding balances accrued, and security deposit retained or used, for the period of December 1, 2019 to the present related to Sunburger 1, LLC's tenancy at the Premises.

3.      Produce all documents authored or received by the Bochner Plaintiffs evidencing or related to any agreements between the Bochner Plaintiffs and Sunburger 1, LLC and between 177 West 26th Street Associates and Sunbuger 1 LLC concerning Sunburger, LLC's tenancy at the Premises, including but not limited to agreements concerning rent, additional rent, vacatur or amounts owed.

4.      Produce all documents authored or received by the Bochner Plaintiffs concerning Sunburger 1, LLC's 2019 default as asserted in paragraph 17 of Plaintiffs' Rule 56.1 Statement [Dkt. 93] .

5.      Produce all communications (and any documents memorializing such communications) between the Bochner Plaintiffs and Sunburger 1, LLC related to Sunburger 1, LLC's 2019 alleged default.

6.      Produce all documents authored or received by the Bochner Plaintiffs evidencing and/or related to the notice of intent to surrender the property provided to the Bochner Plaintiffs or to 177 West 26th Street Associates on March 20, 2020 as asserted in paragraph 17 of Plaintiffs' Rule 56.1 Statement [Dkt. 93] .

7.      Produce all communications (and any documents memorializing such communications) related to the notice of intent to surrender the property provided to the Bochner Plaintiffs or to 177 West 26th Street Associates on March 20, 2020 as asserted in paragraph 17 of Plaintiffs' Rule 56.1 Statement [Dkt. 93].

8.      Produce all documents authored or received by the Bochner Plaintiffs evidencing other rental agreements relating to the Premises for the period of March 20, 2020 to the present.

9.      Produce all documents authored or received by the Bochner Plaintiffs concerning the Guarantor, including but not limited to all documents sent to or received from the Guarantor, relating to the Premises for the period of December 1, 2019 to the present.

10.     Produce all communications (and any documents memorializing such communications) concerning the Guarantor relating to the Premises for the period of December 1, 2019 to the present.

11.     Produce all documents authored or received by the Bochner Plaintiffs concerning any investigation or inquiry into the financial health of the Guarantor, including but not limited to any and all credit inquiries.

12.     Produce all documents authored or received by the Bochner Plaintiffs relating to any and all court proceedings or actions commenced by the Bochner Plaintiffs, Sunburger 1, LLC, 177 West 26th Street Associates, or the Guarantor concerning the Premises for the period of December 1, 2019 to the present, including but not limited to all documents relating to any and all court proceedings or actions relating to the lease for the Premises.

13.     Produce all documents authored or received by the Bochner Plaintiffs itemizing the total assets of 287 7th Avenue Realty LLC.

14.     Produce all documents authored or received by the Bochner Plaintiffs establishing all shareholders and members of 287 7th Avenue Realty LLC and their percentage interest in the entity.

15.     Produce all documents related to the Bochner Plaintiffs' 2019, 2020, 2021 and 2022 tax returns, including but not limited to copies of the Bochner Plaintiffs' 2019, 2020, 2021 and 2022 tax returns.

16.     Produce all documents evidencing proof of payment of all taxes for the Premises for 2019, 2020, 2021 and 2022 as asserted in paragraph 18 of Plaintiffs' Rule 56.1 Statement [Dkt. 93].

17.     Produce all documents relating to loans or financial assistance used to cover taxes, expenses, or staffing for 287 7th Avenue Realty LLC from December 2019 to present.

18.     Produce all expert disclosures required pursuant to Federal Rule of Civil Procedure 26(a)(2).

Dated:      New York, New York
            April 6, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
    City of New York
Attorney for Defendants
100 Church Street, Admin. Law Div.
New York, New York 10007
Tel: (212) 356-2187
Email:     pkoplik@law.nyc.gov


By: _____/s/_____
        PAMELA A. KOPLIK
        SCALI RIGGS
        Assistant Corporation Counsel